UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 17 CR 656 |
| v. | ) | |
| | ) | Rubén Castillo |
| | ) | Chief Judge |
| MICHAEL JARIGESE | ) | |

**GOVERNMENT'S UNOPPOSED MOTION
FOR AN EXTENSION OF TIME TO RETURN INDICTMENT**

The United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, respectfully submits this motion to the Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for one 35-day extension of time, to and including December 8, 2017, in which to seek the return of an indictment against the defendant currently charged in Case No. 17 CR 656, and additional defendants the government anticipates charging in that same matter:

1.      On October 5, 2017, the government charged defendant Michael Jarigese in *United States v. Jarigese*, Case No. 17 CR 656, by criminal complaint. More specifically, the government has charged defendant with bribery of a public official, in violation of Title 18, United States Code, Section 666(a)(2).  On that same day, defendant made his initial appearance before Magistrate Judge Mary M. Rowland in the Northern District of Illinois.  He was released on bond and waived his right to a preliminary hearing.

2.      The extent of the criminal conduct under investigation in this case is broad in scope.  Defendant is charged with corruptly giving approximately $100,000

to a public official, the mayor of a suburban city located in Cook County, Illinois, for that public official's benefit and with the intent to influence and reward that public official in connection with construction contracts awarded by the suburban city to Tower Contracting LLC, a construction company of which defendant is president. *See* Dkt. No. 1; *id.* at ¶ 11. The criminal complaint alleges that the public official received bribes not only from defendant but from at least one other individual, identified as Individual A in the complaint. *Id.* at ¶¶ 39-48.

3.     The government has been diligently continuing its investigation into the defendant's criminal activities, but certain factors lead the government to request an extension in this matter. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government requests that the Attachment be sealed to not compromise its ongoing investigation and to avoid revealing matters occurring before the Grand Jury.

4.     The government estimates that one 35-day extension of time from the current expiration date of November 2, 2017,[1] to and including December 8, 2017, will be sufficient time within which to return an indictment. The government presently does not plan to seek another extension of time to indict in this case.

---

[1] The Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, requires the filing of an indictment within 30 days of the date of a defendant's arrest or the date defendant was served with a summons in connection with such charges. *See* 18 U.S.C. § 3161(b). Defendant here was charged on October 5, 2017, and appeared in court that same day to learn of the charges against him. Under Section 3161(b), the deadline for filing an indictment in this matter is therefore November 2, 2017.

2

5.      Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B), which provide in relevant part:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. § 3161(h)(7)(B)(ii), (iii), and (iv).

6.      The government respectfully submits that one 35-day continuance is warranted in this unusual and complex case pursuant to the foregoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the investigation concerns extensive criminal activities that are further described in the Attachment.  Due to the nature of this investigation, the government cannot appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act.

7.      Counsel for defendant does not object to this motion.

WHEREFORE, the government respectfully requests an extension of time from November 2, 2017, through and including December 8, 2017, in which to seek an indictment in this matter.

<div style="margin-left: 50%;">

Respectfully submitted,

JOEL R. LEVIN
Acting United States Attorney

By:    */s/ Georgia N. Alexakis*
STEVEN J. DOLLEAR
GEORGIA N. ALEXAKIS
Assistant United States Attorneys
219 South Dearborn Street, Room 500
Chicago, Illinois 60604
Tel: (312) 353-5300

</div>

Dated: October 23, 2017

4